J-S13006-16
J-S13007-16
J-S13008-16

2016 PA Super 65

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY TRAVIS WOODARD | : | |
| | : | |
| Appellee | : | No. 103 WDA 2015 |

Appeal from the Order December 11, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001247-2014

*****

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH REED | : | |
| | : | |
| Appellee | : | No. 104 WDA 2015 |

Appeal from the Order December 11, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001246-2014

*****

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA N. CAMBRIC | : | |

Appellee       :       No. 105 WDA 2015

Appeal from the Order December 11, 2014
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001269-2014

BEFORE:  LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

OPINION BY LAZARUS, J.:             **FILED MARCH 15, 2016**

The Commonwealth of Pennsylvania seeks review of an order denying its motion to consolidate pursuant to Pa.R.Crim.P. 582.  For the reasons set forth herein, we quash the appeal.[1]

The Commonwealth charged Joshua N. Cambric, Jeremy Woodard, and Keith Reed with homicide, conspiracy and other offenses related to the killing of Tony Phillips on March 30, 2014, in Johnstown.  On October 9, 2014, the Commonwealth filed a motion to consolidate based on Pa.R.Crim.P. 582(A)(2), which provides, "[d]efendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  The trial court denied the motion on December 11, 2014.  In reaching its decision, the trial court relied on Rule 583, which provides, "[t]he court may order separate trials of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We have consolidated the appeals because they all involve the same order. **See** Pa.R.A.P. 513.

- 2 -

offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." The court specifically found that "Defendants may be prejudiced by being tried together." Trial Court Order, 12/11/14, at 1.

The Commonwealth filed a motion for reconsideration, which the trial court denied. The Commonwealth then filed a notice of appeal in each case, certifying that the orders denying joinder will terminate or substantially handicap the prosecution.

The threshold question in this case is whether this court possesses appellate jurisdiction over the order from which the Commonwealth seeks review. Pennsylvania Rule of Appellate Procedure 311(d) provides:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will **terminate or substantially handicap** the prosecution.

Pa.R.A.P. 311(d) (emphasis added). Rule 311(d) is often invoked in appeals addressing the admission or exclusion of evidence. *Commonwealth v. White* (*White I*), 818 A.2d 555, 558 (Pa. Super. 2003) *aff'd in part, rev'd in part*, 910 A.2d 648 (Pa. 2006) (*White II*). In addition to evidentiary rulings, appellate courts have recognized the right of the Commonwealth to appeal several types of non-evidentiary pretrial orders. *Id. See e.g.*, *Commonwealth v. Buonopane*, 599 A.2d 681 (Pa. Super. 1991) (order precluding Commonwealth from seeking death penalty); *Commonwealth v.*

*Johnson*, 669 A.2d 315 (Pa. 1995) (order transferring case from criminal to juvenile court); and, *Commonwealth v. Matis*, 710 A.2d 12 (Pa. 1998) (order denying Commonwealth request for continuance to secure witness).

Although Rule 311(d) permits an appeal as of right, prior case law has continually placed limits on the scope of this right as it pertains to non-evidentiary issues. Thus, the court will not "accept blindly the Commonwealth's certification of substantial hardship" when appeal is sought for non-evidentiary interlocutory orders. *White I*, *supra* at 558. As illustrated by the *White* cases, the law regarding Commonwealth appeals under Rule 311(d) is far from settled.

The *White* cases involved the Commonwealth's appeal of two separate pretrial rulings: 1) the denial of a recusal motion; and 2) the denial of the Commonwealth's request to have a jury determine the degree of guilt of a criminal defendant who pled guilty to homicide. *Id.* at 557. This Court quashed the appeal as it pertained to recusal, but found the jury request appealable and reversed the order of the trial court on this issue alone. *Id.* at 563. Regarding the rationale for distinguishing the issues based on the nature of the order, this Court stated as follows:

> [W]hen issues other than those evidentiary in nature are raised, we may pause to consider the propriety of the Commonwealth's certification. No doubt this is due in part to a concern that invocation of Rule 311(d) not become the norm, but rather remain an exception to be utilized only where necessary.

- 4 -

*Id.* at 559. Moreover, given the constitutional basis[2] of the Commonwealth's asserted right to a jury trial, the denial of this right was found to constitute a "substantial handicap" under Rule 311(d). *Id.* at 560-61.

An equally divided Supreme Court revisited these issues and ultimately reversed this Court regarding the use of Rule 311(d) to appeal the trial judge's order refusing to recuse herself. However, a 4-2 majority affirmed that the denial of a jury trial request for a degree-of-guilt determination was appealable under Rule 311(d). In the plurality opinion, Justice Eakin (joined by Justices Castille and Newman) would have overruled prior precedent in *Commonwealth v. Cosnek*, 836 A.2d 871 (Pa. 2003), which limited the scope of Rule 311(d) to evidentiary rulings made by the trial court that substantially interfered with the presentation of the Commonwealth's case. The plurality found that the rule authorizes the Commonwealth to appeal any pre-trial order that has the potential to affect the Commonwealth's ability to meet its burden of proof. *White II*, *supra* at 655. Chief Justice Cappy (joined by Justice Baer) opined that the doctrine of *stare decisis*, and the principle of the "final order rule" militated against reversal. *Id.* at 666-67 (Cappy, C.J., dissenting). Justice Saylor filed a concurring and dissenting

_____

[2] Pa. Const. art I, § 6 (amended 1998) ("Furthermore, in criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.").

opinion, joining the Opinion of the Court regarding the denial of a jury request, but diverging regarding the motion to recuse. Upholding precedent limiting the scope of Rule 311(d), Justice Saylor explicitly adopted this Court's rationale in the decision below. *Id.* at 662-63 (Saylor, J., dissenting) ("I would affirm the decision of the Superior Court majority based largely on the reasoning that it supplied."). Justice Saylor further noted that after *Cosnek*, the Supreme Court recognized:

> There are, of course, other types of orders that *Cosnek* did not address, but which may also be appealable under Rule 311(d). *See* **e.g.,** *Commonwealth v. Boos*, 620 A.2d 485 (Pa. 1993) (order reinstating appellee into ARD program was immediately appealable as it had the effect of terminating DUI charge); *Commonwealth v. Hughes*, 364 A.2d 306, 308 n.2 (Pa. 1976) (order quashing some, but not all, of charges against defendant was immediately appealable).

*Commonwealth v. Shearer*, 882 A.2d 462, 466-67 n.6 (Pa. 2005).

> Weighing in on this issue, our Court has stated:

> While the Commonwealth's good faith certification under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case. In *White* [*II*], for example, an evenly divided Supreme Court could not agree whether an order denying a recusal motion substantially handicapped the Commonwealth's prosecution. The divided opinion left standing this Court's opinion that the denial of a recusal motion was not appealable pursuant to Rule 311(d).

*Commonwealth v. Wright*, 99 A.3d 565, 568 n.1 (Pa. Super. 2014).[3]

_____

[3] Adding to the problematic nature of *White II* is the fact the Justices were equally divided 3-3 on the issue of whether the denial of a recusal motion is

*(Footnote Continued Next Page)*

This division among Justices of the Supreme Court regarding the motion to recuse in **White II** leaves open significant questions regarding the circumstances under which the Commonwealth may seek appeal of an interlocutory order under Rule 311(d).

Despite the questions left open by our Supreme Court in **White II**, we are guided by prior decisions related to interlocutory review of motions for joinder or severance. In the specific context of an interlocutory order granting the severance of two criminal informations, the Court found no jurisdiction to consider a Commonwealth appeal. **Commonwealth v. Smith**, 544 A.2d 943, 945 (Pa. 1988).

> The order here appealed from granted the severance of two criminal informations. In **Commonwealth v. Saunders**, 394 A.2d 522 (Pa. 1978), we addressed the appealability of such an

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

appealable under Rule 311(d), thus allowing this Court's decision on the issue to stand. Nevertheless, four Justices held on the merits that the trial judge should have recused herself. Accordingly, even though this Court's determination that an order denying recusal is not appealable remains the law, the Supreme Court's disposition paragraph in **White II** provides:

> Accordingly, we reverse the quashal of the Commonwealth's appeal from the denial of its recusal motion and remand for the appointment of another judge in this matter. We affirm the order reversing the denial of the Commonwealth's request for a jury at White's degree of guilt hearing.
>
> Order reversed in part and affirmed in part. Case remanded. Jurisdiction relinquished.

**White II**, **supra** at 662.

order and had no problem in concluding that such an order is interlocutory and thus not appealable. The reasoning for our decision was that the Commonwealth was free to seek conviction on both counts in two separate trials. Thus, the finality aspect and the ensuing prejudice inherent in granting a suppression motion is not present when faced with a severance order.

*Smith*, 544 A.2d at 945. Although the appeal before us presents an issue related to joinder of informations, and not severance, the same logic applies. Indeed, we "cannot disassociate the standard for consolidation pursuant to Rule 582 and severance pursuant to Rule 583. They are the same." Commonwealth's Brief, at 9.

Applying the reasoning from *Smith*, an order denying joinder, like an order granting severance, is interlocutory and thus not appealable. Here, the Commonwealth is free to seek conviction on all counts, against each defendant, in three separate trials. Therefore, denial of the motion for joinder does not terminate or substantially handicap the prosecution and is not appealable under Rule 311(d). *Id.* To expand Rule 311(d) to encompass such interlocutory review "would be to disturb the orderly process of litigation. Strict application of the Rule assures that trials will go forward as scheduled." *White I*, *supra* at 559 (explaining why order denying motion to recuse not appealable under Rule 313(d)).

In conclusion, the Commonwealth's appeal of the order denying its Motion to Consolidate must be quashed because the order is not appealable under Rule 311(d).

Appeal quashed; matter remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judge Stabile joins the Opinion.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016