J. A18025/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                   :              PENNSYLVANIA
                    Appellant      :
                                   :
                    v.             :         No. 198 MDA 2016
                                   :
BARTON PATRICK JONES               :


Appeal from the Order Entered January 15, 2016,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0000376-2015


BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:     **FILED AUGUST 29, 2016**

The Commonwealth appeals from the January 15, 2016 order granting appellee's pre-trial motion to sever Counts 2 and 3 of the criminal information.  The Commonwealth certified, pursuant to Pa.R.A.P. 311(d), that this order will terminate or substantially handicap the prosecution and contends it is entitled to an interlocutory appeal as of right.  The Commonwealth further argues that the severance order constituted a collateral order pursuant to Pa.R.A.P. 313.  (Commonwealth's brief at 4-6.) For the foregoing reasons, we disagree and quash the appeal.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court concluded that the January 15, 2016 severance order was interlocutory and

---

* Former Justice specially assigned to the Superior Court.

not appealable, and that this court should quash the Commonwealth's appeal for lack of jurisdiction. (Rule 1925(a) opinion, 3/8/16 at 2.) In support of this rationale, the trial court relied on our supreme court's decision in **Commonwealth v. Smith**, 544 A.2d 943 (Pa. 1988) (plurality). (**Id.** at 4-5.) In **Smith**, our supreme court held that an order granting severance of two criminal informations was interlocutory, and thus not appealable by the Commonwealth. **Smith**, 544 A.2d at 945. The **Smith** court reasoned that the severance order did not constitute one that substantially handicaps the prosecution because the Commonwealth was still able to seek convictions on the charges it filed, albeit in two separate proceedings rather than one. **Id.**

Recognizing that "the law regarding Commonwealth appeals under Rule 311(d) is far from settled[,]" a panel of this court recently reiterated in **Commonwealth v. Woodard**, 136 A.3d 1003 (Pa.Super. 2016), that the **Smith** holding remains good law. **Woodard**, 136 A.3d at 1005.

The **Woodard** court stated as follows:

> Applying the reasoning from **Smith**, an order denying joinder, **like an order granting severance, is interlocutory and thus not appealable.** Here, the Commonwealth is free to seek conviction on all counts, against each defendant, in three separate trials. Therefore, denial of the motion for joinder does not terminate or substantially handicap the prosecution and is not appealable under Rule 311(d). **To expand Rule 311(d) to encompass such interlocutory review would be to disturb the orderly process**

> **of litigation.** Strict application of the Rule assures that trials will go forward as scheduled.

**Woodard**, 136 A.3d at 1007 (citations and internal quotation marks omitted; emphasis added).

Based on the foregoing precedent, we are constrained to conclude that the Commonwealth's appeal of the order granting appellee's motion to sever must be quashed because the order is not appealable under Rule 311(d).

Furthermore, we reject the Commonwealth's assertion that the trial court's January 15, 2016 severance order qualified as a collateral order. (**See** Commonwealth's brief at 4-6.) Rule 313(b) defines a collateral order as one that is "[(1)] separable from and collateral to the main cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b) (numeration added). To benefit from the collateral order doctrine, an order must satisfy all three elements. **Commonwealth v. Williams**, 86 A.3d 771, 780 (Pa. 2014). We have found no case law in this Commonwealth wherein a severance order has been found to constitute a collateral order. Moreover, contrary to the Commonwealth's contention, the instant order does not satisfy prong 2 to qualify as a collateral order under Rule 313(b).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/29/2016</u>