J-S24006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA LEE HOLLABAUGH | : | No. 1770 MDA 2017 |

Appeal from the Order Entered November 17, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000246-2017,
CP-31-CR-0000247-2017, CP-31-CR-0000248-2017,
CP-31-CR-0000249-2017

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                        **FILED JULY 09, 2018**

The Commonwealth of Pennsylvania appeals from the November 17, 2017 order denying its motion for a continuance.  We reverse and remand for further proceedings consistent with this memorandum.

As our resolution of this appeal is based on its procedural posture, we decline to set forth the factual background.  On June 5, 2017, the Commonwealth charged Joshua Lee Hollabaugh ("Appellee") via four criminal informations with three counts of statutory sexual assault,[1] two counts of

---

[1] 18 Pa.C.S.A. § 3122.1.

involuntary deviate sexual intercourse with a child,[2] two counts of sexual assault,[3] two counts of indecent assault of a victim less than 13 years old,[4] rape of a child,[5] involuntary deviate sexual intercourse with a victim under 16 years old,[6] and indecent assault of a victim under 16 years old.[7]

Prior to trial, the Commonwealth filed a notice that it intended to call Ann Cook ("Cook"), a licensed master social worker, as an expert witness at trial. *Cf.* 42 Pa.C.S.A. § 5920(b)(1) (permitting expert testimony "that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence[,] and the impact of sexual violence on victims during and after being assaulted"). Jury selection was conducted on November 6, 2017 and trial was scheduled to commence on November 20, 2017.

On the evening of November 16, 2017, Cook contacted the attorney representing the Commonwealth and advised that she had to undergo

---

[2] 18 Pa.C.S.A. § 3123(b).

[3] 18 Pa.C.S.A. § 3124.1.

[4] 18 Pa.C.S.A. § 3126(a)(1).

[5] 18 Pa.C.S.A. § 3121(c).

[6] 18 Pa.C.S.A. § 3123(a)(7).

[7] 18 Pa.C.S.A. § 3126(a)(8).

emergency surgery and would not be able to testify at trial the following week. The Commonwealth obtained another expert witness to testify in place of Cook. Appellee objected to this late substitution and the trial court refused to permit the substitute expert to testify. The Commonwealth moved for a continuance and the trial court denied the motion. The Commonwealth immediately appealed that decision.[8]

The Commonwealth presents two issues for our review:

1. Did the trial court's refusal to continue the trial due to the absence of an essential Commonwealth witness amount to a ruling that precludes the Commonwealth from presenting crucial evidence at trial?

2. Did the trial court err or abuse its discretion in refusing to continue the trial . . . ?

Commonwealth's Brief at 4.[9]

In its first issue, the Commonwealth argues that the order denying its continuance motion substantially handicapped the prosecution. The trial court found that the Commonwealth's request for a continuance was intended to delay the criminal proceedings and that its order did not substantially handicap the prosecution. As the instant appeal is interlocutory, we only have jurisdiction over this appeal if it is permitted by Pennsylvania Rule of Appellate

---

[8] The Commonwealth properly filed four notices of appeal. **See Commonwealth v. Walker**, 2018 WL 2448643, *3-6 (Pa. June 1, 2018). The Commonwealth and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[9] We have renumbered the issues for ease of disposition.

Procedure 311(d). That rule provides that, "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

Under Rule 311(d), this Court must determine whether the type of order in question substantially handicaps a prosecution. *See Commonwealth v. Wright*, 99 A.3d 565, 568 n.1 (Pa. Super. 2014). For example, our Supreme Court has held that an order granting a defense motion to admit evidence cannot be appealed under Rule 311(d). *Commonwealth v. Cosnek*, 836 A.2d 871, 875 (Pa. 2003).

This Court may not, however, determine if the order actually substantially handicapped the prosecution. *See Commonwealth v. Woodard*, 136 A.3d 1003, 1005 (Pa. Super. 2016), *appeal denied*, 158 A.3d 1242 (Pa. 2016). Instead, the filing of the certification by the Commonwealth is sufficient to confer jurisdiction on this Court if the order appealed from is of a type that tends to substantially handicap a prosecution. *See id.*

In this case, the order in question denied the Commonwealth's continuance motion. That motion was filed so Cook could testify at trial. "An order denying a motion for a continuance to secure the presence of a necessary witness has the same practical effect of an order suppressing or excluding evidence. We believe that the filing of a [Rule 311(d)] certification

- 4 -

is a sufficient safeguard to prevent the Commonwealth from filing appeals to delay a trial when a court has denied a motion to continue." ***Commonwealth v. Matis***, 710 A.2d 12, 18 (Pa. 1998). As we have detailed above, we are not permitted to determine if in fact the Commonwealth is substantially handicapped by an order denying its continuance motion under the specific facts of a particular case. Instead, because the Commonwealth certified that the denial of its motion for a continuance substantially handicapped the prosecution, and as our Supreme Court has held that an order denying a continuance motion under these circumstances is of the type that substantially handicaps a prosecution, we have jurisdiction over this appeal and turn to the Commonwealth's second issue.

In its second issue, the Commonwealth argues that the trial court erred in denying its motion for a continuance. We review a trial court's order denying a continuance for an abuse of discretion. ***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted). When deciding whether to grant the Commonwealth's continuance motion, the trial court was required to consider

> (1) the necessity of the witness to strengthen the Commonwealth's case; (2) the essentiality of the witness to Commonwealth's case; (3) the diligence exercised to procure the witness' presence at trial; (4) the facts to which the witness could testify; and (5) the likelihood that the witness could be produced at the next term of court.

***Id.*** at 143-144 (cleaned up).

As to the first and second factors, Cook's testimony was necessary and essential to the Commonwealth's case. Many citizens, *i.e.*, jurors, believe that a victim who was sexually abused would immediately report the abuse and that the absence of a prompt report substantially undermines the credibility of a sex assault claim. This Court, however, has explained that many complex "factors might cause a child victim to delay in reporting an assault. . . . No one who has had the slightest experience with child sexual abuse . . . could conclude that failure to make a prompt complaint, standing alone, is an accurate indicia of fabrication." **Commonwealth v. Sandusky**, 77 A.3d 663, 668 (Pa. Super. 2013) (citation omitted). Partly for this reason, our General Assembly enacted section 5920 to permit expert witnesses to testify regarding victims' responses to sexual violence. As Appellee could have argued that the victims were not credible because of their delayed reports, Cook's testimony was necessary and essential for the jury to understand why delayed reporting does not *ipso facto* render the victims' testimony not credible. We reject the trial court's conclusion that Cook was neither necessary nor essential to the Commonwealth's case.

As to the third factor, the Commonwealth exercised the utmost due diligence. Cook was prepared to testify at trial and only became unavailable because of a medical emergency. The Commonwealth quickly secured a substitute expert witness; however, Appellee objected to the use of the substitute expert at trial. If Appellee would have consented to the substitute

expert witness testifying in Cook's place no continuance would have been necessary.

The trial court's consideration of the fourth factor was based on an incorrect understanding of section 5920 and the Pennsylvania Rules of Evidence. Specifically, the trial court believed that, even if Cook were available to testify at trial, her testimony was inadmissible. This was based on the trial court's conclusion that the Commonwealth was required to provide the court with a copy of the expert report prior to trial, and Cook's lack of familiarity with the specific victims in this case rendered her testimony inadmissible.

> Section 5920 provides that
>
> a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness'[] experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence[,] and the impact of sexual violence on victims during and after being assaulted.

42 Pa.C.S.A. § 5920. Section 5920 does not require that the expert witness have specific knowledge of the victims in the case. Instead, section 5920 permits generalized expert testimony regarding a child's delayed report of sexual abuse. **See Commonwealth v. Carter**, 111 A.3d 1221, 1223 (Pa. Super. 2015). Indeed, specific knowledge about a victim may cause the testimony to be inadmissible. **See** 42 Pa.C.S.A. § 5920(b)(3) ("The witness'[] opinion regarding the credibility of any other witness, including the victim,

- 7 -

shall not be admissible."). Thus, the fact that Cook was unfamiliar with the specific victims in this case was not relevant to the admissibility of her testimony.

The Commonwealth also provided a copy of Cook's expert report to Appellee more than two weeks prior to trial. There is no rule-based obligation to provide expert reports to the trial court. Instead, Pennsylvania Rule of Criminal Procedure 573 only requires the report be disclosed to the defendant. Pa.R.Crim.P. 573(B)(3). There is no indication in the certified record that the trial court ordered the Commonwealth to furnish it with a copy of the expert report. Hence, the trial court improperly relied on the Commonwealth's failure to provide it with an expert report when considering the fourth factor.

As to the fifth factor, either Cook or the substitute expert would have been available at the next trial term. By that time, Appellee would have had the opportunity to depose the substitute expert and would have had no legitimate objection to the substitution. Hence, we conclude that all five factors the trial court was required to consider weighed in favor of granting the Commonwealth's continuance motion.

Moreover, the other rationale the trial court used in denying the Commonwealth's continuance motion, that it would prejudice Appellee because he was confined while awaiting trial, is not persuasive. This prejudice could have been eliminated if the trial court granted the continuance request and released Appellee on bail (which it did after this appeal was filed). The

trial court cites no other prejudice Appellee would have suffered if it granted the continuance request. As we have set forth above, this minor prejudice was dwarfed by the prejudice the Commonwealth would suffer if Cook were unable to testify at trial. Accordingly, we conclude that the trial court abused its discretion in denying the Commonwealth's continuance motion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2018