J-A03018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FREDERICK R. CAMEJO | : | No. 561 WDA 2023 |

Appeal from the Order Entered April 14, 2023
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000412-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: March 11, 2024**

The Commonwealth appeals from an order entered on the motion to suppress evidence filed by Frederick Camejo.  We quash this appeal.[1]

On May 29, 2022, police obtained a warrant to search Camejo's house.  They seized, among other items, a cell phone.  The police later obtained and executed a warrant for the contents of the phone.  On December 16, 2022, Camejo moved to suppress the phone, arguing that the first warrant did not provide probable cause to seize it.  The trial court held a suppression hearing on March 29, 2023.

At the hearing, the Commonwealth indicated two justifications to seize the phone: probable cause within the warrant, and exigent circumstances

_____

[1] The Commonwealth separately appealed from a later suppression order, docketed in this Court at 818 WDA 2023.  Contemporaneously with this memorandum, we reverse the later order and remand for further proceedings.

outside the warrant. The trial court limited the hearing to evidence and argument about the warrant, reasoning that the Commonwealth had not given notice about its theory of exigent circumstances. N.T., 3/29/23, at 10–13. The trial court granted suppression based on its conclusion that the warrant did not provide probable cause to seize the phone. *Id.* at 25–26; Opinion and Order, 4/4/23.

The Commonwealth, following the trial court's suggestion, moved to reconsider and reopen the record, also giving notice that it intended to present evidence as to other reasons the seizure was lawful. The trial court denied reconsideration but granted the Commonwealth's request for a further hearing, scheduled for May 2, 2023. The court entered an order to clarify:

> At the May 2, 2023 hearing the Commonwealth may present evidence and argument in support of their assertion that, despite the court's holding that the May 29, 2022 Warrant lacked probable cause, there is / are alternate basis / [bases] for the admission of the data retrieved from [Camejo's] cellphone. [Camejo] will be afforded the opportunity to respond. The previous order indicating that suppression is granted is amended to the extent that, **although the decision regarding the invalidity of the May 29, 2022 warrant is final, the data from** [**Camejo's**] **cellphone may not be subject to suppression** if the Commonwealth demonstrates that there is applicable legal basis for the admission of the data separate and uninhibited from the court's finding that the May 29, 2022 warrant was invalid; and the facts support the Commonwealth assertion(s).

Opinion and Order, 4/14/23, at 3 (emphasis added).

The court held the scheduled hearing on May 2, 2023, and the Commonwealth presented evidence about its alternative theories why the phone should not be suppressed. On May 15, 2023, while a ruling from the

second hearing was still pending, the Commonwealth appealed from the order of April 14, 2023.  The Commonwealth certified that the order substantially handicapped the prosecution, explaining that suppression on one basis harmed its case, even when the court had not yet ruled on whether there was another basis to deny suppression.  Notice of Appeal, 5/15/23, at 1 & n.1.

\*     \*     \*

Our jurisdiction turns on whether the Commonwealth has properly appealed as of right under Pennsylvania Rule of Appellate Procedure 311(d).  **See Commonwealth v. Woodard**, 136 A.3d 1003, 1005 (Pa. Super. 2016).  The rule, "Commonwealth Appeals in Criminal Cases," provides:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).

Typically, a Commonwealth appeal of the grant of "a straight-forward suppression motion" invokes appellate jurisdiction given the Commonwealth's good-faith Rule 311(d) certification.  **Commonwealth v. Cosnek**, 836 A.2d 871, 875 (Pa. 2003).  In such cases, we "may not inquire" whether the exclusion of evidence does, in fact, handicap the prosecution.  **Commonwealth v. Ribot**, 169 A.3d 64, 65 n.1 (Pa. Super. 2017).

Here, by contrast, we assess whether the appealed-from order actually excludes evidence.  Unlike a typical suppression order, the order of April 14, 2023, is "final" only as to the trial court's conclusion that the first warrant did

- 3 -

not provide probable cause to seize the phone. It is not final as to the ultimate evidentiary issue, which also depends on whether an exception to the search warrant requirement would justify the seizure of the phone.

The Commonwealth could—and did—present evidence in the second hearing, which the trial court then considered before ruling whether to suppress Camejo's phone. Under the procedural posture of this case, the Commonwealth could not appeal as of right from the order of April 14, 2023. *Cf. Woodard*, 136 A.3d at 1007 (quashing an appeal of a denial of a motion for joinder because the Commonwealth had an alternative means to secure convictions of the separate defendants). Notably, in our review of a final ruling on suppression, we can also review an earlier suppression ruling that contributed to it. *Commonwealth v. Fulmore*, 25 A.3d 340, 345 (Pa. Super. 2011). We therefore quash this appeal and address the merits in the appeal docketed at No. 818 WDA 2023.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/11/2024

- 4 -