J-S35018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK T. ROBINSON | : | No. 282 MDA 2024 |

Appeal from the Order Entered February 5, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000197-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK T. ROBINSON | : | No. 283 MDA 2024 |

Appeal from the Order Entered February 5, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000228-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK T. ROBINSON | : | No. 284 MDA 2024 |

Appeal from the Order Entered February 5, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000231-2023

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                          **FILED OCTOBER 28, 2024**

In this consolidated appeal, the Commonwealth appeals from the orders denying its motions to consolidate three cases for trial under Pa.R.Crim.P. 582. We affirm.

The criminal complaints alleged as follows: On February 1, 2023, Mark Robinson (Robinson) delivered methamphetamine to an undercover detective, who paid Robinson with pre-recorded currency. Criminal Complaint (CR-231-2023), 2/8/23, Affidavit of Probable Cause at 1 (No. 231). Following the transaction, officers surveilled Robinson as he returned to his residence. **Id.**

On February 2, 2023, officers executed a search warrant on Robinson's residence. As officers entered, "someone discarded a woman's purse out of the [] first floor window. The purse contained a distribution amount of [] methamphetamine, pack[ag]ing material[,] and a digital scale." Criminal Complaint (CR-197-2023), 2/2/23, Affidavit of Probable Cause at 1 (No. 197). Inside the residence, officers encountered Ada Wells,[1] Wells's 16-year-old son, and his girlfriend. **Id.** Robinson was not present, but "had apparently left for work…." **Id.** Wells and her son told officers "the contents of the purse belonged to" Robinson. **Id.** Wells's son admitted he had discarded the purse out of the window. **Id.** In the master bedroom, officers recovered "additional

---

[1] The criminal complaint does not disclose Wells's relationship to Robinson, but the trial court described her as Robinson's girlfriend. **See** Trial Court Opinion, 3/25/24, at 8.

digital scales, packaging material (plastic sandwich bags)[,] and distribution marijuana in a rectangular safe." *Id.* Also in the master bedroom, officers recovered the pre-recorded currency used by the undercover detective to buy methamphetamine from Robinson. Criminal Complaint (No. 231), 2/8/23, Affidavit of Probable Cause at 1.

Also on February 2, 2023, Detective Tyson Havens (Detective Havens) filed a criminal complaint against Robinson, charging him with two counts of possession with intent to deliver controlled substances (PWID),[2] relating to the methamphetamine and marijuana recovered from the residence. Criminal Complaint (No. 197), 2/2/23, at 2. The filing prompted the issuance of an arrest warrant. Later that day, when Robinson returned to his residence, four officers "attempted to take Robinson into custody. Robinson actively resisted arrest." Criminal Complaint (CR-228-2023), 2/16/23, Affidavit of Probable Cause at 1 (No. 228). The four officers had to "struggle with Robinson for [three] minutes to overcome his resistance and [] secure him in handcuffs." *Id.*

On February 8, 2023, Detective Havens filed a second criminal complaint charging Robinson with one count of PWID, relating to his delivery of methamphetamine to the undercover detective on February 1, 2023. Criminal Complaint (No. 231), 2/8/23, at 2. On February 16, 2023, Detective Havens

---

[2] 35 P.S. § 780-113(a)(30).

filed a third criminal complaint, charging Robinson with one count of resisting arrest,[3] relating to his struggle with the arresting officers on February 2, 2023. Criminal Complaint (No. 228), 2/16/23, at 2.

In No. 197, Robinson waived his preliminary hearing on February 9, 2023, and waived formal arraignment on February 22, 2023. On February 27, 2023, the Commonwealth filed an information.

In both Nos. 228 and 231, Robinson waived his preliminary hearing on February 16, 2023, and waived formal arraignment on March 2, 2023. On March 3, 2023, the Commonwealth filed informations in Nos. 228 and 231. On the same date, the Commonwealth filed a notice of joinder stating, "pursuant to Pa.R.Crim.P. 582(B)(1), that the Informations set forth above [(Nos. 228 and 231)] will be tried together." Notice of Joinder, 3/3/23, at 1. ***The notice of joinder did not include No. 197.***

The trial court scheduled all three cases for a guilty plea hearing on May 19, 2023. Robinson continued the plea hearing twice and, on September 22, 2023, the court entered one order placing all three cases on the trial list. Following a pre-trial conference on November 21, 2023, the court entered two orders: In No. 197, the court indicated "this case shall remain on the trial list as a one-day trial." Order (No. 197), 11/21/23. In Nos. 228 and 231, the

---

[3] 18 Pa.C.S.A. § 5104.

- 4 -

court indicated "these cases shall remain on the trial list as a one-day trial." Order (Nos. 228 and 231), 11/21/23.

On December 18, 2023, the Commonwealth filed motions to consolidate all three cases for trial. The Commonwealth argued "[a]ll three cases are the result of a continu[ing] series of events over a two-day period, commencing with [Robinson's] sale of illegal narcotics to an undercover detective on February 1, 2023…." Motions to Consolidate, 12/18/23, ¶ 4 (the motion). The Commonwealth further argued:

> 5. Evidence of distinct crimes is admissible against a [d]efendant being prosecuted for another crime for the purpose of demonstrating a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other. **_Commonwealth v. O'Brien_**, 836 A.2d 966 (Pa. Super. [] 2003).

> 6. [Pennsylvania] Rule of Criminal Procedure 582(A)(1)(a) permits consolidation of [i]nformations for trial if the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion.

> 7. Because the illegal activity described in all three [i]nformations is part of a common scheme, evidence from each case is admissible in a trial for the other case.

> 8. A conviction or acquittal under [No. 231] could potentially bar the Commonwealth from prosecuting [Robinson] for the charges filed under [No. 228] and [No. 197].[4] **_See Commonwealth v. Morris_**, 425 A.2d 715 (Pa. 1981); 18 Pa.C.S.[A.] § 110.

_____

[4] The Commonwealth mistakenly implied Nos. 228 and 197 had been previously joined, with No. 231 remaining separate. However, Nos. 228 and 231 were joined, and No. 197 remained separate.

- 5 -

9.      The allegations all arose as part of the same investigation by the Lycoming County Narcotics Enforcement Unit, but charges were filed separately due to the varying times.

*Id.*, ¶¶ 5-9 (footnote added).

On January 29, 2024, the trial court heard oral argument on the motion to consolidate. The Commonwealth argued the three cases involved "one continuous transaction, and it would be confusing and misleading to the jury not to consolidate them…." N.T., 1/29/24, at 3. Robinson argued Nos. 197 and 231 were not "part of the same act or transaction" and should remain separate. *Id.* at 4. Significantly, Robinson also argued the Commonwealth failed to timely file its motion under Pa.R.Crim.P. 582. *Id.* at 5.

Rule 582 provides:

**(A) Standards**

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

(2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

**(B) Procedure**

(1) Notice that offenses or defendants charged in separate indictments or informations will be tried together shall be in writing and filed with the clerk of courts. A copy of the notice shall be served on the defendant at or before arraignment.

> (2) When notice has not been given under paragraph (B)(1), any party may move to consolidate for trial separate indictments or informations, **which motion must ordinarily be included in the omnibus pretrial motion**.

Pa.R.Crim.P. 582 (emphasis added). Rule 579 provides:

> Except as otherwise provided in these rules, **the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment**, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A) (emphasis added).[5]

After Robinson raised Rule 582, the trial court asked, "So what's the Commonwealth's argument on why I shouldn't just throw [the motion] out based on untimeliness?" N.T., 1/29/24, at 6. The Commonwealth admitted it failed to timely join the cases due to administrative oversight, but argued "there's no prejudice to the defense," because Robinson had been "fully aware" since the initial filings "that these cases all occurred at the same time." *Id.* The Commonwealth also argued that, during the February 1, 2023, controlled buy, Robinson told the undercover detective Robinson "would be able to sell her other items," and those items were subsequently found in Robinson's residence during the February 2, 2023, search. *Id.* at 6-7.

---

[5] Here, Robinson waived his arraignments on February 22, 2023, and March 2, 2023. There is no dispute that the Commonwealth filed its December 18, 2023, motion to consolidate outside the time limit provided under Rules 579 and 582.

The trial court stated, "I normally grant … the defense objection when [a] motion is not timely filed. **I'm not hearing a reason why I shouldn't do that in this case**, so just on procedural grounds I'm going to deny your [motion to consolidate]." *Id.* at 7 (emphasis added). On February 5, 2024, the court denied the motion, noting it "was untimely filed, and without reason to justify why it may have been untimely filed…." Orders, 2/5/24.

On February 26, 2024, at all three dockets, the Commonwealth filed timely notices of appeal from the February 5, 2024, orders.[6] The

_____

[6] In its notices of appeal, the Commonwealth "certifie[d] that the [February 5, 2024, o]rder substantially handicaps the prosecution's case." Notices of Appeal, 2/26/24. Pa.R.A.P. 311(d) provides: "In a criminal case, under the circumstances provided by law, the Commonwealth may take an [interlocutory] appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

On April 3, 2024, we directed the Commonwealth to show cause why these appeals should not be quashed. We noted that "[w]hile the Commonwealth's certification under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case." Order, 4/3/24 (quoting **Commonwealth v. Wright**, 99 A.3d 565, 568 n.1 (Pa. Super. 2014)). We further noted that in **Commonwealth v. Woodard**, 136 A.3d 1003 (Pa. Super. 2016), we quashed the Commonwealth's appeal from an order denying its motion to consolidate, despite its Rule 311(d) certification, as the Commonwealth had the alternate remedy of seeking conviction in separate trials. *Id.* Here, the Commonwealth filed a response to the show-cause order. This Court subsequently directed the Commonwealth to address the issue in its brief. Order, 4/9/24.

In its brief, the Commonwealth argues it will not have the alternate remedy of seeking conviction in separate trials. Commonwealth's Brief at 23. Rather, it asserts "the [trial] court's decision [to deny consolidation] will result in one set of felony charges against [] Robinson being dismissed pursuant the

*(Footnote Continued Next Page)*

- 8 -

Commonwealth and the trial court have complied with Pa.R.A.P. 1925.  We

granted the Commonwealth's application to consolidate the appeals.

The Commonwealth presents two questions for our review:

1. Whether the trial court abused its discretion by dismissing the
Commonwealth's motion [to consolidate] as untimely, a decision
that precludes the Commonwealth from prosecuting one of the
two felony drug cases pursuant to the compulsory joinder rule set
forth in 18 Pa.C.S.[A.] § 110[?]

2. Whether the trial court abused its discretion by denying the
Commonwealth's motion to consolidate on timeliness grounds
without consideration of whether granting the motion would be in
the interests of justice[?]

Commonwealth's Brief at 10.

We observe our standard of review: "Whether separate criminal

informations should be consolidated for trial is within the sole discretion of the

trial court.  We will reverse only for a manifest abuse of discretion…."

***Commonwealth v. Shackelford***, 293 A.3d 692, 701 (Pa. Super. 2023)

(quotation marks and citation omitted).  Additionally, we review a trial court's

determination that a pretrial motion was untimely for an abuse of discretion.

***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 (Pa. Super. 2023).  An

abuse of discretion "is not merely an error of judgment.  Rather, discretion is

---

compulsory joinder rule."  ***Id.*** (citing 18 Pa.C.S.A. § 110).  We accept the
Commonwealth's Rule 311(d) certification on the basis that the compulsory
joinder statute barring separate trials would constitute a substantial handicap.
However, we observe that the trial court did not reach the compulsory joinder
issue and, as we discuss *infra*, neither do we.  Though we decline to quash
the Commonwealth's appeals under Rule 311(d), we offer no opinion on
whether the compulsory joinder statute would in fact bar separate trials.

abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." ***Commonwealth v. Lapaglia***, 320 A.3d 745, 754 (Pa. Super. 2024).

In its first issue, the Commonwealth argues that "untimeliness by itself is not an appropriate ground for denying a motion to consolidate when there are [compulsory joinder] consequences if the cases remain separate." Commonwealth's Brief at 40. The Commonwealth concedes its motion was untimely under Rule 582, but maintains "[t]he penalty for the Commonwealth's mistake should not be a prosecution bar under 18 Pa.C.S.[A.] § 110[,] when one felony drug case gets called to trial before the other." ***Id.*** at 30; ***see also id.*** at 31-37 (arguing the compulsory joinder rule would bar the second trial).[7] The Commonwealth asserts that 18 Pa.C.S.A. §

_____

[7] 18 Pa.C.S.A. § 110 provides, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> …

*(Footnote Continued Next Page)*

110 "should take precedence over" Rule 582. *Id.* at 30. In light of the compulsory joinder consequences, the Commonwealth argues, the trial court abused its discretion in applying Rule 582 as "a hard and fast deadline…." *Id.* at 41.

The trial court opined the Commonwealth waived this argument by failing to raise it below, and we are constrained to agree. In its Pa.R.A.P. 1925 opinion, the trial court stated it "did not consider the compulsory joinder statute because the Commonwealth did not make an argument or present any evidence about compulsory joinder at the hearing and argument on the consolidation motion." Trial Court Opinion, 3/25/24, at 6. The court further observed, "[i]t is difficult to address the merits of the Commonwealth's issue when the compulsory joinder statute was not argued by the parties at the hearing and argument on the consolidation motion." *Id.* at 7.

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). We have observed that "a new

---

(ii) ***any offense based on the same conduct or arising from the same criminal episode***, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense or the offense of which the defendant was formerly convicted or acquitted was a summary offense or a summary traffic offense….

18 Pa.C.S.A. § 110 (emphasis added).

and different theory of relief may not be successfully advanced for the first time on appeal." **Commonwealth v. Deible**, 300 A.3d 1025, 1035 (Pa. Super. 2023) (citation and quotation marks omitted); **see also Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa. Super. 2012) ("New legal theories cannot be raised on appeal.").

On appeal, the Commonwealth maintains that it "did argue [18 Pa.C.S.A. §] 110 at the motion hearing, though perhaps not very eloquently." Commonwealth's Brief at 30. The Commonwealth points to its argument at the motion hearing that the cases should be consolidated because they involve "one continuous act or transaction." **Id.** at 31 (quoting N.T., 2/9/24, at 3-4). However, that argument was directed toward the cases' eligibility for consolidation under Rule 582(A), not whether they were subject to compulsory joinder under 18 Pa.C.S.A. § 110. Our review confirms the Commonwealth never mentioned compulsory joinder at the motion hearing.

Most importantly, the Commonwealth failed to raise compulsory joinder in response to the trial court's inquiry, "[W]hat's the Commonwealth's argument on why I shouldn't just throw [the motion] out based on untimeliness?" N.T., 1/29/24, at 6. The Commonwealth now argues the trial court abused its discretion in denying the motion as untimely because the compulsory joinder consequences of that decision are so harsh. But the

Commonwealth never asked the trial court to weigh the compulsory joinder consequences when it considered the untimeliness issue.[8]

Our review of the record thus confirms the Commonwealth's first issue constitutes "a new and different theory of relief … advanced for the first time on appeal." *Deible*, 300 A.3d at 1035 (Pa. Super. 2023). Accordingly, it is waived. *See* Pa.R.A.P. 302(a).

In its second issue, the Commonwealth argues that the trial court abused its discretion in denying the motion to consolidate without considering "whether granting the motion would be in the interests of justice." Commonwealth's Brief at 29. Pa.R.Crim.P. 578 provides: "Unless otherwise required in the interest of justice, all pretrial requests for relief shall be included in one omnibus motion." Pa.R.Crim.P. 578. The Commonwealth argues the "trial court only inquired as to why the Commonwealth's motion was late, but conducted no analysis into whether it would be in the interest of justice to grant the motion." Commonwealth's Brief at 17-18.[9]

_____

[8] The Commonwealth cited 18 Pa.C.S.A. § 110 in its motion to consolidate, *see* Motion to Consolidate, 12/18/23, ¶ 8, but never raised compulsory joinder in connection with the untimeliness issue. In its motion, the Commonwealth did not acknowledge or address the motion's untimeliness.

[9] The Commonwealth's brief fails to set forth a separate argument for this issue, and only refers to the issue in its summary of the argument. *See* Commonwealth's Brief at 17-18. If the issue was not waived for the Commonwealth's failure to raise it below, it would be waived for the failure to adequately develop it on appeal. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) ("The failure to develop an adequate
*(Footnote Continued Next Page)*

The trial court opined the Commonwealth waived this issue by failing to raise it below and, again, we agree. The trial court stated:

> The Commonwealth did not present any argument or evidence during the hearing that consolidation was "in the interests of justice." The defense opposed the motion to consolidate on the basis of timeliness. The Commonwealth conceded that the motion was untimely and that it did not have any reasons for its untimely filing. The Commonwealth never argued at the hearing that, despite the untimeliness, its motion should be granted in the interests of justice.

Trial Court Opinion, 3/25/24, at 10.

Our review of the record confirms the Commonwealth never argued before the trial court that the motion should be granted in the interest of justice. Accordingly, this issue is waived. *See* Pa.R.A.P. 302(a); *Deible*, 300 A.3d at 1035.

As both of its issues are waived, the Commonwealth is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2024

---

argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").