124

620 A.2d 485

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Drew T. BOOS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 7, 1992.

Decided Feb. 18, 1993.

Robert L. Steinberg, First Asst. Dist. Atty., Douglas G. Reichley, Asst. Dist. Atty., for appellant.

Dianne M. Dickson, Eric Strauss, Allentown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

██ Appellant, the Commonwealth of Pennsylvania, appeals from an order of the Superior Court quashing as interlocutory the Commonwealth's appeal from an order of the Court of Common Pleas of Lehigh County reinstating a defendant to accelerated rehabilitative disposition (ARD). 406 Pa.Super. 659, 583 A.2d 830. Underlying the issue of whether the Commonwealth's appeal was properly quashed, is the central issue in this case: whether the ARD program of a defendant charged with driving under the influence of alcohol (DUI) [1] may be revoked on grounds other than those provided by statute.[2]

---

1. 75 Pa.C.S. § 3731.

2. 75 Pa.C.S. § 3731(e)(7) sets forth the conditions under which ARD may be revoked:

 (e)(7) Accelerated Rehabilitative Disposition or any other preliminary disposition of any charge of violating this section may be revoked and the court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in general rules if the defendant:

 (i) is charged with or commits any crime enumerated in Title 18 (relating to crimes and offenses) or in section 1542 within the probationary period;

 (ii) fails to make restitution as provided for in this section;

 (iii) fails to successfully complete the alcohol highway safety school required by section 1548(b);

 (iv) fails to complete any program of counseling or treatment, or both required as a condition of Accelerated Rehabilitative Disposition; or

Appellee, Drew Boos, was charged with DUI on June 24, 1988. The Lehigh County District Attorney's office sent appellee a letter on September 22, 1988 directing him to appear in court on October 6, 1988 for the purpose of having his case diverted from a criminal prosecution into the pretrial probationary program known as ARD. The letter explained that only those individuals who were first time offenders (having no DUI conviction or ARD participation relating to DUI within the last seven years) were eligible for admission to the program.[3] The letter also informed appellee that to be admitted to the ARD program, it would be necessary for him to complete a Court Reporting Network (CRN) evaluation. Appellee appeared in court on October 6, 1988 and upon motion of the district attorney was admitted into the ARD program.

Appellee was admitted into the ARD program under a local administrative procedure, developed as a response to a backlog of ARD cases, which provides that individuals may be admitted to ARD before the CRN evaluation has been completed. Such defendants are informed at the time of the ARD hearing that their admission into the program is conditional and will be revoked should the CRN evaluation reveal a prior DUI conviction or ARD participation within the last seven years.

On October 20, 1988 the United States Magistrate for the Middle District of Pennsylvania notified the Lehigh County District Attorney's office that appellee had been convicted on November 20, 1986 of violating the Code of Federal Regulations, 36 C.F.R. 4.6 (DUI) and had been convicted of DUI in

(v) violates the terms and conditions of Accelerated Rehabilitative Disposition in any other way.

**3.** The Pennsylvania Vehicle Code, 75 Pa.C.S. § 3731(d)(1), provides as follows:

(d) Certain dispositions prohibited—the attorney for the Commonwealth shall not submit a charge brought under this section for Accelerated Rehabilitative Disposition if:

(1) the defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought under this section within seven years of the date of the current offense;

1983 in the state of Texas. In December, 1988 in the course of his CRN evaluation, appellee confirmed his two prior DUI convictions.[4]

■ Based upon appellee's prior DUI convictions, the Commonwealth filed a petition to terminate appellee from the ARD program; the trial court, after a hearing, entered an order granting the Commonwealth's petition. Appellee filed a motion for reconsideration seeking to have the termination order revoked and appellee reinstated to ARD. After a hearing, the trial court vacated the order terminating appellee from the ARD program and reinstated him to the program. The Commonwealth's appeal to Superior Court from the trial court order reinstating appellee was quashed as interlocutory.[5]

The trial court grounded its original order terminating appellee from ARD on the following reasoning:

> We believe that the defendant had a duty to come forward and affirmatively make it known, prior to the time he was placed on the ARD program, of the existence of prior offenses, particularly since he had been made known and made aware by letter from the District Attorney's office that the program was only open to first time offenders. It is not the duty of the Commonwealth to go on a hunting expedition on these matters. There is an equal or greater responsibility on the defendant, who is in a position to know, to come forward and make known his prior offenses. In fact, we find the failure to make this known to the District Attorney is a clear indication of the sense of irresponsibility which might otherwise make him unqualified for the ARD program anyway and, therefore, we enter an order terminating him from the program and listing the matter for

4. A record search had been conducted by the Department of Transportation at the request of the district attorney's office prior to the ARD hearing; neither of these convictions appeared in appellee's records.

5. The instant order terminated the Commonwealth's prosecution of the DUI charge against appellee. The order, therefore, is final for the purpose of appeal.

trial.[6]

(N.T. 4/24/89 at 26). Upon reconsideration, the trial court found the instant case to be controlled by *Commonwealth v. McSorley*, 335 Pa.Super. 522, 485 A.2d 15 (1984), aff'd, 509 Pa. 621, 506 A.2d 895 (1986).[7]

In *McSorley*, a DUI defendant partially fulfilled the conditions of an ARD program before it was discovered that he was ineligible for the program; the Commonwealth then sought to proceed on the charge against him. On appeal from the trial court order denying his motion to dismiss, Superior Court held that he could not be prosecuted, provided that he completed other conditions normally imposed on those admitted to ARD. The defendant in *McSorley* was not found to have withheld information of his prior convictions, and his admission into the ARD program was the result of what Superior Court characterized as the district attorney's office acting inadvertently. Neither factor is at work in the case under consideration.

In the instant case, Appellee did not qualify for ARD because of his prior convictions. He knew that he did not qualify but attempted, nevertheless, to benefit from the pro-

6. Appellee argues that he did not willfully withhold information of his prior convictions but that he was merely confused. Although appellee contends that he was confused by the letter he received from the district attorney's office telling him to report for admission into the ARD program, the record reveals that appellee signed a form which stated that he understood the ARD program and that he requested acceptance into the program. More importantly, at the hearing on the Commonwealth's petition to terminate appellee from the ARD program, appellee testified that the attorney for the Commonwealth told him and the other defendants being admitted to ARD at that time that a condition of the program was that he had to be a first time offender. Despite his knowledge that prior convictions made him ineligible for ARD, appellee allowed the process to go forward.

7. In affirming the order of Superior Court in *McSorley*, this Court entered a per curiam order bearing the following footnote: "The Order of this Court is not to be interpreted as adopting the reasoning of the Superior Court Opinion Announcing the Judgment of the Court insofar as it relates to the prohibition against double jeopardy." Hutchinson, J. filed a dissenting opinion stating that he would have reversed the order of Superior Court and remanded the case to the trial court for the Commonwealth to proceed on the DUI charge. This writer and Justice McDermott joined the dissenting opinion.

gram by concealing his prior convictions. The trial court was correct when it originally ruled that appellee's participation in ARD be terminated. The order of the Superior Court quashing the Commonwealth's appeal is reversed; the order of the trial court reinstating appellee to the program is reversed; the trial court order terminating appellee from ARD and listing the case for trial is reinstated.

MONTEMURO, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., concurs in the result.