J-S27026-25

2026 PA Super 106

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
v. :
:
:
:
IYANU ELIJAH SOLOMON : No. 2790 EDA 2024

Appeal from the Order Entered September 5, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No:  CP-23-CR-0001527-2020

_____

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
v. :
:
:
:
IYANU ELIJAH SOLOMON : No. 2894 EDA 2024

Appeal from the Order Entered September 5, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No:  CP-23-CR-0001527-2020

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.: **FILED MAY 21, 2026**

The Commonwealth of Pennsylvania appeals from an order denying the

Commonwealth's motion to remove Appellee Iyanu Elijah Solomon from ARD.

We conclude that this appeal is properly before us as certified by the

Commonwealth under Pa.R.A.P. 311(d) and as a collateral order under

_____

[*] Former Justice specially assigned to the Superior Court.

Pa.R.A.P. 313.  On the merits, at 2894 EDA 2024, we remand the trial court's order reinstating Appellee into ARD for further proceedings concerning whether Appellee made any material misrepresentations on page 9 of his ARD application.  We dismiss the appeal at 2790 EDA 2024 as moot.

The record reflects that Appellee was charged with burglary and related offenses ("the burglary charges") while he was a freshman at Villanova University.  On June 29, 2021, Appellee filed an application for admission into ARD.  The application included the following language:

> Many ARD applications are denied because the following question is not answered fully or truthfully.  If you have any doubts as to whether information should be included in your answer to the following question, INCLUDE IT.  Prior contact with the criminal justice system may not necessarily result in the denial of your ARD application.  HOWEVER, providing false, misleading or incomplete information on your ARD application will result in your ARD application being denied or in your removal from the ARD program AND could result in you being charged and prosecuted for additional crimes, including but not limited to: Perjury, False Swearing and/or Unsworn Falsification to Authorities. See, 18 Pa. C. S. Sections 4902, 4903 and 4904.
>
> *Have you ever been arrested, served with a summons OR citation, pled guilty or nolo contendere, accepted ARD or any other diversionary program, including for any juvenile or summary offense(s)?*

ARD Application, 6/29/21, at 9 (emphasis added).  In response to this question, Appellee answered, "None."  ***Id.***  On August 11, 2020, Appellee was placed into ARD for the burglary charges.  The term of the ARD program was twelve months.

In March 2021, Appellee was charged with sexual offenses in several criminal cases.

On April 5, 2021, the Commonwealth filed a motion to remove Appellee from ARD due to his sexual offense charges. The court scheduled a hearing on this motion for April 28, 2021.

On April 28, 2021, the court granted the Commonwealth's motion to remove Appellee from ARD because Appellee did not appear for the hearing.

One week later, on May 5, 2021, Appellee filed a motion to open the order removing Appellee from ARD on the ground that Appellee never received notice of the removal hearing. The court repeatedly continued this motion while the sexual offense charges proceeded.

On March 28, 2024, a jury acquitted Appellee of all charges in one of his sexual offense cases. The Commonwealth filed *nolle prosequi* in the other cases.

The ARD matter resumed. On May 14, 2024, in support of his May 5, 2021, motion, Appellee filed a memorandum "seeking to deny the Commonwealth's motion to remove [him] from ARD and/or to reinstate [him] into ARD." Memorandum, 5/14/24, at 1. On May 20, 2024, the Commonwealth submitted a memorandum in opposition to Appellee's motion to open the order removing him from ARD. Therein, the Commonwealth argued that it discovered in the "recent past" that Appellee lied on his ARD application by failing to disclose that he had a juvenile adjudication in

Maryland in 2016 for a sexual offense.[1]  Memorandum, 5/20/24, at 3.  In response, on June 26, 2024, Appellee filed a memorandum arguing, *inter alia*, that Appellee did not make any misrepresentations on his ARD application.

On June 27, 2024, the court conducted a hearing on Appellee's motion. The Commonwealth conceded during this hearing that Appellee's motion to open should be granted because Appellee never received notice of the Commonwealth's April 2021 removal motion or the April 28, 2021, hearing on that motion.  The parties then agreed to continue with the hearing on the Commonwealth's motion to remove Appellee from ARD.

The Commonwealth argued that Appellee should be removed from ARD because he lied on his ARD application by failing to disclose that he had an adjudication for delinquency in Baltimore County, Maryland in 2016 for commission of a sexual offense.  Counsel for Appellee responded that Appellee answered his ARD application truthfully because it did not inquire whether he had any prior juvenile offenses.  The Commonwealth also argued during the hearing that Appellee's 2021 arrests for sexual assault constituted grounds for removing him from ARD.  Counsel for appellee responded that mere arrests do not furnish any basis for removing Appellee from ARD.

_____

[1] The Commonwealth attached Appellee's ARD application and delinquency adjudication as exhibits to its memorandum.  The Commonwealth did not rely in its memorandum or thereafter on the original ground that it had raised for denying Appellee reinstatement into ARD: his failure to appear at the hearing on April 28, 2021.

On September 5, 2024, the court docketed the following order, "[T]his Court has reviewed the averments in the Petition for Removal of [Appellee] from the [ARD] Program. After hearing, this Court hereby has ORDERED and DECREED the Commonwealth's Motion for Removal is DENIED." Order, 9/5/24.

On October 4, 2024, the Commonwealth filed a petition for leave to appeal to this Court under Pa.R.A.P. 1513, docketed in this Court to No. 2790 EDA 2024. On the same date, the Commonwealth filed a notice of appeal to this Court certifying under Pa.R.A.P. 311(d) that the September 5, 2024, order will terminate or substantially handicap Appellee's prosecution. The notice of appeal also asserted that this Court has jurisdiction under the collateral order doctrine embodied in Pa.R.A.P. 313. This Court docketed the notice of appeal at 2894 EDA 2024.[2, 3]

Both the court and the Commonwealth complied with Pa.R.A.P. 1925. The Commonwealth raises a single issue in this appeal, "Did the lower court abuse its discretion by ordering [Appellee] returned to the ARD program where he lied on his original application and separately violated the terms of the

---

[2] We conclude below that we have jurisdiction to decide the appeal at 2894 EDA 2024. Therefore, we dismiss the appeal at 2790 EDA 2024 as moot.

[3] Subsequent to the Commonwealth's appeals, on January 21, 2025, Appellee filed a petition alleging that he completed the ARD program and seeking dismissal and expungement of the burglary charges. The court has not decided this petition; nor can it do so until the conclusion of the Commonwealth's appeal at 2894 EDA 2024. *See* n.8, *infra*.

- 5 -

program?" Commonwealth's Brief at 6. The trial court states in its Rule 1925 opinion that the Commonwealth waived this issue by failing to raise it in its April 2021 motion to remove Appellee from ARD.

We first agree that we have jurisdiction to hear this appeal as certified by the Commonwealth under Pa.R.A.P. 311(d) because the order denying removal will terminate or substantially handicap its prosecution.

We begin our analysis of this jurisdictional question with our Supreme Court's decision in **Commonwealth v. Bosurgi**, 411 Pa. 56, 190 A.2d 304 (1963). The defendant in **Bosurgi**, who was charged with burglary, filed a motion to suppress evidence that the police obtained without a warrant. The trial court granted the defendant's motion to suppress on the ground that the police seized the evidence in violation of the defendant's Fourth Amendment rights under the United States Constitution. The Commonwealth appealed the suppression order to this Court, which reversed. The defendant appealed to the Supreme Court, which affirmed our order of reversal. In the course of its decision, the Court held that the Commonwealth had the right to appeal the suppression order because a pretrial suppression order that terminates or handicaps the prosecution has "such an attribute of finality as to justify the grant of the right of appeal to the Commonwealth." **Id.,** 190 A.2d at 308.

Two decades later, building upon **Bosurgi**, the Supreme Court held in **Commonwealth v. Dugger**, 506 Pa. 537, 486 A.2d 382 (1985), that the Commonwealth's appeal from a suppression order "is proper as an appeal

from a *final* order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution." ***Id.***, 486 A.2d at 386 (emphasis added).

Effective July 6, 1992, the Supreme Court amended Rule 311 to add Rule 311(d), a provision that permits an *interlocutory* appeal as a matter of right by the Commonwealth in cases where the Commonwealth asserts that the order will terminate or substantially handicap the prosecution. ***See*** Pa.R.A.P. 311(d). Rule 311(d) thus "supersed[ed]" ***Dugger's*** holding that such appeals are from final orders. ***Commonwealth v. Dixon***, 589 Pa. 28, 907 A.2d 468, 471 n.8 (2006); ***see also*** Comment, Pa.R.A.P. 311 (same).

One year after the amendment to Rule 311(d), the Supreme Court decided ***Commonwealth v. Boos***, 533 Pa. 124, 620 A.2d 485 (1993). There, in 1988, the defendant was charged with driving under the influence of alcohol ("DUI"). The defendant was admitted into ARD on condition, *inter alia*, that he had no prior DUI offenses within the past seven years. Two weeks later, the district attorney received notice that the defendant had two prior DUI convictions in other jurisdictions. The district attorney filed a petition to terminate the defendant from ARD, which the court granted. The defendant, however, filed a motion for reinstatement into ARD, which the court granted. The Commonwealth appealed to this Court from the reinstatement order (just as the Commonwealth did in the present case). On August 31, 1990, this Court quashed the Commonwealth's appeal as interlocutory in an unpublished

memorandum. The Commonwealth appealed to the Supreme Court, which reversed the order quashing the appeal, reversed the order reinstating the defendant into ARD, and reinstated the order terminating the defendant from ARD and listing the case for trial. Regarding the Commonwealth's right to appeal the order reinstating the defendant into ARD, the Court stated in a brief footnote, "The instant order terminated the Commonwealth's prosecution of the DUI charge against [the defendant]. The order, therefore, is final for the purpose of appeal." *Id.*, 620 A.2d at 487 n.5.

Subsequent to promulgation of Rule 311(d), the Supreme Court consistently has held that orders suppressing or excluding Commonwealth evidence are appealable as of right under this provision. The Court also has held that multiple other types of orders that do not implicate the loss of evidence are appealable under Rule 311(d).[4] Furthermore, and of particular

_____

[4] *See In re Twenty-Fourth Statewide Investigating Grand Jury*, 589 Pa. 89, 907 A.2d 505, 515 (2006) ("disclosure orders concerning the subject of a grand jury investigation are a type of order relating to a potential criminal prosecution that should be appealable as of right"); *Commonwealth v. White*, 589 Pa. 642, 910 A.2d 648, 659 (2006) (order denying Commonwealth's request to invoke its constitutional right to jury would "hamper the presentation of its case" where trial court denied motion to recuse and Commonwealth alleged "it will be forced to proceed before a judicial fact-finder who is biased against it"); *Commonwealth v. Karetny*, 583 Pa. 514, 880 A.2d 505, 512-13 (2005) (quashing some though not all offenses "quite definitively terminates the prosecution as to the quashed charge" and "imposes a handicap that the prosecution cannot overcome"); *Commonwealth v. Johnson,* 542 Pa. 568, 669 A.2d 315, 323 (1995) (order transferring case from criminal to juvenile court appealable under Rule 311(d)).

significance here, the Court explicitly suggested that the order in **Boos** reinstating the defendant into ARD is another type of order that is appealable under Rule 311(d). **See Commonwealth v. Shearer**, 584 Pa. 134, 882 A.2d 462, 466 n.6 (2005) (citing **Boos'** order reinstating defendant into ARD as "[an]other type[] of order … which may also be appealable under Rule 311(d)").

Based on this history, we hold that the order in the present case denying the Commonwealth's motion to remove Appellee from ARD is appealable under Rule 311(d), as the order effectively terminates the Commonwealth's ability to prosecute in this case. **See Boos**, 620 A.2d at 487 n.5. Thus, as the Supreme Court suggested in **Shearer**, this order is appealable under Rule 311(d) based on the certification in the Commonwealth's notice of appeal that the order will terminate or substantially handicap its prosecution.

The dissent insists that this order is not appealable under Rule 311(d), citing a non-precedential decision in **Commonwealth v. Worzel**, 1457 EDA 2022, 2023 WL 3018876 (Pa. Super. 2023), which quashed an appeal by the Commonwealth from an order denying the Commonwealth's motion to remove the defendant from ARD. We do not consider **Worzel** persuasive authority, and we therefore decline to adopt its reasoning.[5]

---

[5] Under Pa.R.A.P. 126(b), this Court may cite a non-precedential memorandum issued after May 1, 2019, as persuasive authority. Persuasive authority, however, does not establish binding precedent that we are obliged to follow.

In **Worzel**, as in the present case, the Commonwealth certified in its notice of appeal that the order denying removal of the defendant from ARD was appealable under Rule 311(d) because it terminated or substantially handicapped the prosecution. The **Worzel** panel held that Rule 311(d) did not apply:

> Although Rule 311(d) permits an appeal as of right, prior case law has continually placed limits on the scope of this right as it pertains to non-evidentiary issues. **See Commonwealth v. Woodard**, 136 A.3d 1003, 1005 (Pa. Super. 2016). Thus, this Court will not accept blindly the Commonwealth's certification of substantial hardship when appeal is sought for non-evidentiary interlocutory orders, such as the order in question. **Id. See** [**Boos**] (holding that an order reinstating defendant's admission into ARD was a reviewable final order because it resolved the defendant's criminal charge, terminated the DUI charge, and precluded the resumption of prosecution). Here, the April 27, 2022 order did not fully resolve Worzel's criminal charges or preclude prosecution of those charges. Instead, it merely held the resolution of the criminal prosecution in abeyance for an additional ninety days. Thus, the Commonwealth may not invoke Rule 311(d) to appeal this interlocutory order.

**Id.**, 2023 WL 3018876, *2 n.1.

We have multiple concerns with this passage. Anyone who reads it in isolation would form the impression that Pennsylvania courts virtually never allow appeals from non-evidentiary issues under Rule 311(d). Our discussion above demonstrates, however, that our Supreme Court has permitted multiple such appeals.[6] **See** n.4, **supra**. We also disagree with **Worzel's** treatment

_____

[6] Indeed, **Woodard**, the case cited in **Worzel**, acknowledged several decisions, including **Johnson**, **supra**, that permitted the Commonwealth to

*(Footnote Continued Next Page)*

of **Boos**. **Worzel** focuses on **Boos'** holding that the order reinstating the defendant into ARD was a final order. **Worzel**, however, neglects to cite **Shearer**, thus overlooking **Shearer's** suggestion that under **Boos**, an order reinstating the defendant into ARD is appealable under Rule 311(d). **Id.**, 882 A.2d at 466 n.6.

Most concerning of all is **Worzel's** analysis of Rule 311(d) itself. **Worzel** asserts that Rule 311(d) is inapposite because the order did not "fully resolve [Megan Worzel's] criminal charges or preclude prosecution of those charges." **Id.**, 2023 WL 3018876, *2 n.1. The practical effect of this order was to cripple the defendant's prosecution: if Wortzel went on to complete the ARD program satisfactorily, she then would have the right to seek dismissal of the charges and expungement of her arrest record. **See** Pa.R.Crim.P. 319, 320. Given its profound impact on the case, the order satisfied Rule 311(d) by effectively "terminat[ing]" or "substantially handicap[ping]" the prosecution. **Id.** We believe our Supreme Court had this type of impact in mind when it held in **Boos** that the order reinstating the defendant into ARD was appealable as a final order and when it suggested in **Shearer** that such an order was appealable under Rule 311(d). We therefore feel obliged to follow **Boos** and **Shearer** and disapprove of **Wortzel.**

_____

take interlocutory appeals as of right from non-evidentiary orders. **See Woodard**, 136 A.3d at 1005.

- 11 -

We also conclude that the order denying the Commonwealth's motion to remove Appellee from ARD is appealable under the collateral order doctrine as articulated under Pa.R.A.P. 313.

Rule 313 provides:

(a) *General Rule*. An appeal may be taken as of right from a collateral order of a trial court or other government unit.

(b) *Definition.* A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

*Id.*

The collateral order doctrine "permits an appeal as of right from a non-final collateral order if the order satisfies the three requirements set forth in Rule 313(b) — separability, importance, and irreparability." ***Commonwealth v. Pownall***, 673 Pa. 271, 278 A.3d 885, 902 (Pa. 2022). This Court has held:

The separability prong is met if the order's merits can be resolved without an analysis of the merits of the underlying dispute and if it is entirely distinct from the underlying issue in the case.

The right involved is too important to be denied immediate review if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. In other words, we must find that the right implicated is important in comparison to the importance of minimizing the costs of piecemeal litigation and promoting judicial accuracy. The right at issue must not only be important to the parties involved but also be deeply rooted in public policy going beyond the particular litigation at hand.

Finally, an order satisfies the third prong if the issue could not be fully remediated if postponed until the conclusion of the case. In

essence, the question is whether an erroneous trial court ruling cannot be undone.

***Lobos Management v. Powell***, 330 A.3d 438, 441-42 (Pa. Super. 2025). If the order at issue satisfies each of these three prongs, this Court has jurisdiction to review the interlocutory appeal. ***Id.*** at 441. Importantly,

> the collateral order doctrine embodied in Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

***Carlino East Brandywine, L.P. v. Brandywine Village Associates***, 260 A.3d 179, 193 (Pa. Super. 2021).

In this case, Appellee, who was admitted into ARD on burglary charges, was removed from the program but later was reinstated. The Commonwealth argues in its appellate brief that Appellee cannot be reinstated into ARD because he lied on his ARD application and was charged with sexual offenses after his admission into ARD. These questions are capable of review without consideration of the substantive issues in the criminal proceeding against him for burglary. Thus, the Commonwealth's appeal is separable from the merits of the underlying criminal prosecution.

Next, the right in question, whether Appellee is entitled to reinstatement into ARD, is too important to be denied immediate review. On one hand, our society has a substantial interest in prosecuting individuals who commit crime because prosecution protects the health, safety and welfare of the community

at large. On the other hand, our society has an interest in maintaining criminal diversionary programs such as ARD because of its many benefits. ARD is a "pretrial diversionary program" in which the district attorney "agrees to suspend prosecution for an agreed-upon period of time, in exchange for the defendant's successful participation in a rehabilitation program, the requirements of which are determined by the applicable statutes and the court." *Commonwealth v. Jenkins*, — Pa. —, 345 A.3d 651, 657 (2025). "The many positive impacts of ARD include allowing deserving first-time offenders to avoid convictions and criminal records, conserving finite judicial resources, reducing costs to both sides, and promoting rehabilitation and accountability." *Commonwealth v. Shiflett*, — Pa. —, 335 A.3d 1158, 1185 (2025) (Dougherty, J., dissenting). To balance society's interest in prosecuting criminals with its interest in maintaining diversionary programs, it is important to limit admission into diversionary programs to "deserving" individuals. *Id.* Individuals who make material misrepresentations on ARD applications, as the Commonwealth claims Appellee did here, do not deserve admission into ARD, and their admission harms society's right to prosecute the guilty. The question presented here—whether Appellee lied on his ARD application and whether he deserves reinstatement into ARD—involves interests that are deeply rooted in public policy and extend beyond the particular litigation at hand. Thus, the judicial policy against piecemeal litigation should yield to immediate appellate review.

Finally, the Commonwealth's right to contest Appellee's reinstatement into ARD most likely will be irreparably lost if appellate review is delayed until the end of this case. If Appellee completes the ARD program satisfactorily, he will have the right to seek dismissal of the burglary charges and expungement of this charge from his arrest record. If the Commonwealth does not exercise its right to contest reinstatement now, and if the court's ruling below was erroneous, the ruling likely cannot be undone later. Furthermore, a determination of irreparable harm is consistent with our Supreme Court's ruling in **Boos** and suggestion in **Shearer** that an order reinstating the defendant into ARD is immediately appealable.

The dissent insists that the Commonwealth's right to contest Appellee's reinstatement will not be irreparably lost, because the Commonwealth can object to Appellee's alleged lie after he completes the ARD program and appeal from an order denying that objection. According to the dissent, when Appellee completes the program and moves to dismiss and expunge the charges, the Commonwealth can object to dismissal on the ground that Appellee lied on his ARD application, and then the order denying its objection will be final and appealable:

> In an ARD proceeding, an order is not final until the court grants the defendant's motion to dismiss the charges. Upon successfully completing ARD, "the defendant may move the court for an order dismissing the charges." Pa.R.Crim.P. 319. The Commonwealth may file an objection to that motion. **See id**. If the trial court grants the motion to dismiss the charges over the Commonwealth's objection, that order is final [and appealable],

because it disposes of all the Commonwealth's claims against all the parties.

Dissent at 8. The flaw in this argument is that an objection by the Commonwealth after Appellee completed ARD would have been untimely under Pa.R.Crim.P. 318(B). The Commonwealth cannot wait until completion of the ARD program before objecting to a pre-admission lie.

Rule 318, entitled "Procedure On Charge Of Violation Of Conditions," provides in relevant part:

> (A) If the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof, or objects to the defendant's request for an order of discharge, the judge who entered the order for ARD may issue such process as is necessary to bring the defendant before the court.
>
> (B) A motion alleging such violation filed pursuant to paragraph (A) **must be filed during the period of the program or, if filed thereafter, must be filed within a reasonable time after the alleged violation was committed**.

Pa.R.Crim.P. 318(a), (b) (emphasis added). Under the bolded text, if the Commonwealth learns of a violation during the ARD program (such as a lie on an ARD application, the misconduct alleged here), the Commonwealth **must** file a prompt objection "during the period of the program." *Id.* If not done within the term of the program, then any violation **must** be filed within a "reasonable time" after the violation was committed. Here, the Commonwealth complied with Rule 318(B) by moving to remove Appellee from ARD "during the period of the program," *id.*, upon learning of Appellee's alleged lie on his ARD application.

- 16 -

Had the Commonwealth waited until Appellee completed the ARD program before objecting to his alleged lie, the Commonwealth would have violated Rule 318(B) by failing to file its objection "within a reasonable time after the alleged violation was committed." ***Id.*** The Commonwealth discovered Appellee's alleged violation on or before May 20, 2024, the date it filed a memorandum asserting that Appellee lied on his ARD application. On September 4, 2024, the court denied this objection in its order denying removal of Appellee from ARD. On January 21, 2025, Appellee filed a motion to dismiss and expunge the burglary charges. Had the Commonwealth delayed eight months (from May 20, 2024 to January 21, 2025) before objecting to Appellee's alleged lie, its objection would have been untimely under Rule 318(B). Thus, the dissent's claim that the Commonwealth will not suffer irreparable harm by waiting until Appellee completes ARD is unavailing.

The dissent's reliance upon Pa.R.Crim.P. 319 as a basis to conclude the third prong of Rule 313 cannot be met is misplaced. Rule 319, entitled "Procedure for Obtaining Order for Dismissal Upon Successful Completion of the Program," provides:

> When the defendant shall have completed satisfactorily the program prescribed and complied with its conditions, the defendant may move the court for an order dismissing the charges. This motion shall be supported by affidavit of the defendant and by certification of the agency or person charged with supervising the defendant's program, if any. A copy of the motion shall be served on the attorney for the Commonwealth who shall within 30 days after service advise the judge of any objections to the motion, serving a copy of such objections on the defendant or the defendant's attorney. If there are no objections

filed within the 30-day period, the judge shall thereafter dismiss the charges against the defendant. **If there are objections filed with regard to the dismissal of charges, the judge shall proceed as set forth in Rule 318.**

*Id.* (emphasis added). The final sentence in Rule 319 refers to proceeding as set forth under Rule 318. As discussed above, that rule requires the Commonwealth to object to any violation either during the ARD program or "within a reasonable time after the alleged violation was committed." Pa.R.Crim.P. 318(B). Reliance upon Rule 319 to defeat collateral order jurisdiction fails because the right to object would be irretrievably lost for failure to comply with the mandatory timing requirements of Rule 318(B).

The dissent also argues that this appeal is subject to quashal under Pa.R.Crim.P. 318(C). Once again, we disagree. Rule 318(C) provides that when the Commonwealth moves to remove the defendant from ARD, "If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated . . . **No appeal shall be allowed from such order**." Pa.R.Crim.P. 318(C) (emphasis added). The dissent contends that the bolded text applies to the order herein denying the Commonwealth's motion to remove Appellee from ARD.

We interpret the Rules of Criminal Procedure in consonance with the rules of statutory construction set forth in the Statutory Construction Act, 1 Pa.C.S.A. §§ 1501-1991. *See Commonwealth v. Smith*, 290 A.3d 316, 319

(Pa. Super. 2023). In general, this requires us to interpret the Rules of Criminal Procedure in accordance with their plain meaning. *Id.*

By its express language, Rule 318(C) only addresses orders that terminate a program. It does not prohibit appeals from orders denying a motion to terminate, as here, and allowing a person to remain in the program. Interpreting Rule 318(C) to not prohibit appeals from orders denying termination is consistent with the Commonwealth's right to appeal under Pa.R.A.P. 311(d) and 313, as discussed above. Interpreting Rule 318(C) to bar appeals from orders denying termination would also be inconsistent with the Commonwealth's right to appeal orders that grant dismissal under Rule 319.

For all of the foregoing reasons, consistent with *Boos* and *Shearer*, we hold that the Commonwealth properly appealed the order denying its motion to remove Appellee from ARD under Pa.R.A.P. 311(d) and 313.

Having determined that we have jurisdiction over this appeal, we turn to the arguments in the Commonwealth's brief seeking Appellee's removal from ARD. We first address the Commonwealth's argument that Appellee's arrests in 2021 for sexual offenses precludes his reinstatement into ARD. For two reasons, we disagree.

First, the statute upon which the Commonwealth bases this argument, 75 Pa.C.S.A. § 3807, is inapposite. Section 3807 pertains to individuals admitted into ARD following charges for driving under the influence of alcohol

or controlled substances ("DUI"). ***See*** 75 Pa.C.S.A. § 3807(a) ("a defendant charged with a violation of [75 Pa.C.S.A.] section 3802 (relating to driving under the influence of alcohol or controlled substance) may be considered" for ARD). Individuals admitted into ARD **for DUI** are subject to termination from ARD if they are charged with a violation of the Crimes Code. 75 Pa.C.S.A. § 3807(e)(2). This statute does not apply to Appellee because he was admitted into ARD following an arrest for the burglary charges, not an arrest for DUI.[7]

Second, our Supreme Court's decision in ***Commonwealth v. Berry***, —Pa.—, 323 A.3d 641 (2024), indicates that a mere arrest does not justify removal of a defendant from ARD (at least in non-DUI cases). ***Berry*** reasoned:

> Thus, our law is clear. Prior arrests shed no reliable light upon criminal propensity, cannot be used as evidence of bad character or for impeachment purposes, are not a relevant sentencing consideration, and have no probative value for establishing a defendant's likelihood of recidivism.
>
> Nor are prior arrests a relevant consideration under the Sentencing Code. Section 9721(b) of the Sentencing Code requires that a sentencing court, in determining the sentence to impose, consider "the protection of the public," "the gravity of the offense as it relates to the impact on the life of the victim and on the community," the defendant's "rehabilitative needs," and the guidelines created by the Pennsylvania Commission on Sentencing. A sentence of total confinement must be premised upon consideration of "the nature and circumstances of the crime and the history, character, and condition of the defendant." At no point does the Sentencing Code require a court to consider

---

[7] The ARD provisions applicable to Appellee are within Chapter 3 of the Rules of Criminal Procedure, Pa.R.Crim.P. 310-320. Unlike Section 3807, none of these Rules expressly mandate removal from ARD due to a new arrest.

independently a defendant's prior arrests in crafting an individual sentence.

*Id.*, 323 A.3d at 649.  Since an arrest is irrelevant to criminal propensity, character evidence, and sentencing considerations, we think it equally clear that a mere arrest does not warrant Appellee's removal from ARD in a non-DUI case.

Other independent grounds also exist for rejecting the Commonwealth's argument.  Having been acquitted of one sexual offense, Appellee is entitled to expungement of his arrest record on that charge.  ***Commonwealth v. D.M.***, 548 Pa. 131, 695 A.2d 770, 773 (1997) ("in cases of acquittal, [the defendant] is automatically entitled to the expungement of his arrest record").  It would be illogical for us to hold that Appellee can be removed from ARD for an arrest when the arrest itself is to be expunged from his record.

Furthermore, as to the charges that the Commonwealth nol prossed, Appellee is entitled to move for their expungement under ***Commonwealth v. Wexler***, 494 Pa. 325, 431 A.2d 877 (1981).  In such circumstances, the court is required to consider a "non-exhaustive" list of factors, including

> (1) the strength of the Commonwealth's case against the petitioner; (2) the reasons the Commonwealth gives for wishing to retain the records; (3) the petitioner's age, criminal record, and employment history; (4) the length of time that has elapsed between the arrest and the petition to expunge; and (5) the specific adverse consequences the petitioner may endure should expunction be denied.

*Id.*, 431 A.2d at 879.  Given that the defendant can seek expungement for nol prossed charges, we cannot accept the argument that mere arrest for a

- 21 -

charge that is later nol prossed can warrant removal of the defendant from ARD.

The Commonwealth argues that Appellee should be removed from ARD for allegedly lying on his ARD application. We disagree with the trial court's determination that the Commonwealth waived this issue. The Commonwealth raised this issue in its May 20, 2024 memorandum opposing Appellee's motion to open. On June 26, 2024, Appellee filed a written response contending that Appellee did not lie on his application. The parties then presented argument to the court on this issue during the June 27, 2024 hearing.

Instead of ruling on the Commonwealth's claim that Appellee lied in his ARD application, the court determined that the Commonwealth waived this argument. We decline to find waiver under these circumstances. Although it might have been better practice for the Commonwealth to have raised this issue in its April 2021 motion to remove Appellee from ARD, the record demonstrates that in 2024, (1) it raised this issue in written opposition to Appellee's motion to open, (2) Appellee responded to this issue in his own pre-hearing memorandum, and (3) the parties presented argument on this issue at the ensuring hearing. Even assuming that the Commonwealth waived this issue by failing to raise it in April 2021, Appellee waived the Commonwealth's waiver by failing to raise the Commonwealth's waiver at any juncture. *See Commonwealth v. Sanchez*, 82 A.3d 943, 972 n.10 (Pa. 2013) (where Commonwealth, as appellee, failed to argue that defendant waived arguments

by failing to raise them in trial court in timely manner, Commonwealth "waived the waiver"); ***Commonwealth v. Dabney***, 274 A.3d 1283, 1292 n.11 (Pa. Super. 2022) (addressing argument raised for first time on appeal because Commonwealth, as appellee, did not argue that defendant waived issue).

Turning to the substance of the Commonwealth's argument, we conclude that further proceedings are necessary concerning whether Appellee lied on his ARD application.

Our Supreme Court's recent decision in ***Jenkins*** is instructive. There, on May 16, 2021, the defendant was arrested on suspicion of driving under the influence ("DUI"). Thereafter, he was charged with DUI. On July 31, 2021, the defendant was arrested for a second time for suspected DUI. Notably, Appellant was not charged for this second DUI offense until March 22, 2022.

On September 24, 2021, following his second DUI arrest but before the filing of charges for this arrest, the defendant filed an application for admission into ARD. The application provided that the defendant "represent[ed] and agree[d] to the following terms:

> **No prior Convictions or ARD or Pending Criminal Charges:**
> In consideration for my admission to the ARD Program, I hereby affirm and acknowledge that I have not been convicted of a misdemeanor or felony criminal offense in the State of Pennsylvania or in any other state or federal jurisdiction; that I have never been placed on the Accelerated Rehabilitative Disposition Program in this or any other jurisdiction; that I have not previously been admitted to a pre-disposition program similar to ARD in this or in any other state; that I have not been convicted of Driving Under the Influence or similar statute in Pennsylvania

- 23 -

or another state or placed on the ARD program for Driving Under the Influence within the last ten years from date of this offense in Pennsylvania or in another state and that *I do not have any pending misdemeanor or felony criminal charges pending in the State of Pennsylvania or in any other state or federal jurisdiction.* I understand that should this information be incorrect, that I may be removed from the ARD Program and, further, that I may be prosecuted subject to the provisions of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

***Jenkins***, 345 A.3d at 653-54.

On April 8, 2022, upon learning that the defendant had been charged with a second DUI offense on March 22, 2022, the Commonwealth filed a motion to revoke his participation in the ARD program on the ground that he violated the above term. The defendant countered that he truthfully answered all questions on his ARD Application, since he did not have any pending criminal charges at the time he completed the application. The trial court revoked the defendant's admission into ARD, and he was subsequently found guilty of DUI and sentenced to imprisonment.

The defendant appealed to this Court, which affirmed his judgment of sentence. We held, *inter alia*:

We agree with the trial court's suggestion that excusing a defendant's failure to disclose prior arrests in an ARD application would "violate the spirit and intent of the ARD program" which was designed for first-time offenders who show a likelihood to succeed in rehabilitation after a relatively minor charge that does not involve a serious breach of the public trust.... [The defendant] was in the best position to report his offense, which was clearly relevant to the prosecutor's decision on whether to recommend [the defendant] for ARD and the trial court's evaluation on whether to accept the ARD recommendation. The trial court emphasized that it would have summarily denied the application

for [the defendant's] admission to ARD had it known of the second arrest.

**Commonwealth v. Jenkins**, 305 A.3d 50, 55 (Pa. Super. 2023).

Our Supreme Court granted the defendant's petition for allowance of appeal and framed the issue as follows, "We consider whether the trial court erred in revoking [the defendant's] participation in [ARD] on the sole basis that he failed to disclose on his ARD application that he had a prior arrest for suspicion of [DUI], for which he had not yet been charged, despite the fact that the ARD application did not inquire about uncharged arrests." **Jenkins**, 345 A.3d at 653. The Supreme Court held that the trial court erred in removing the defendant from ARD because he answered the ARD application truthfully. **Id.** at 663. The Court reasoned that at the time of his application, the defendant had not yet been charged on the second DUI offense, so he did not have "any pending misdemeanor or felony criminal charges pending in the State of Pennsylvania or in any other state or federal jurisdiction." **Id.** The Court explained that "while the Commonwealth and trial court may wish to consider certain information about an applicant before determining his suitability for ARD, it is the Commonwealth's burden to *ask* the questions it deems to be relevant, and we find no basis on which to expect an applicant to guess at what information he is expected to disclose." **Id.** at 663-64 (emphasis in original). The Court reversed the trial court's order of revocation.

In the present case, having determined that the Commonwealth waived the issue whether Appellee lied on his ARD application, the trial court did not

address whether Appellee's answer to his ARD application was truthful. Guided by **Jenkins**, we remand for the trial court to determine whether Appellee lied on page 9 of his ARD application. Page 9 inquired, "Have you ever been arrested, served with a summons OR citation, pled guilty or *nolo contendere*, accepted ARD or any other diversionary program, including for any juvenile or summary offense(s)?" ARD Application at 9. Appellee answered, "None." **Id. Jenkins** requires the trial court to consider whether "none" is a truthful answer to the contents of the question. If Appellee answered this question truthfully, the court should reinstate him into ARD. If his answer was false, the court should deny reinstatement. We authorize the trial court to conduct further factfinding on this issue if the court believes it necessary.[8]

_____

[8] On January 21, 2025, subsequent to the Commonwealth's appeals, Appellee filed a petition seeking dismissal and expungement of the charges due to his completion of the ARD program. Attached to this petition was a certification signed by an official in the Adult Probation and Parole program that Appellee complied satisfactorily with the terms and conditions of the ARD program. The certification also stated that Appellee's court costs and restitution were paid in full and that his case is closed. The proposed order appended to the petition remains unsigned, but a box is checked stating "the defendant's arrest record regarding these charges shall be expunged." Petition For Expungement, 1/21/25. It therefore appears that the court did not decide Appellee's petition.

The Commonwealth's appeal at 2894 EDA 2024 divested the trial court of jurisdiction to decide the petition. The Rules of Appellate Procedure provide, "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). The Rules define "government unit" as

*(Footnote Continued Next Page)*

Order vacated at 2894 EDA 2024. Case remanded for further proceedings in accordance with this opinion. Appeal at 2790 EDA 2024 dismissed as moot. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the opinion.

Judge Kunselman files a dissenting opinion.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2026

---

The Governor and the departments, boards, commissions, officers, authorities, and other agencies of the Commonwealth, including the General Assembly and its officers and agencies and any court or other officer or agency of the unified judicial system, and any political subdivision or municipal or other local authority or any officer or agency of any such political subdivision or local authority. The term includes a board of arbitrators whose determination is subject to review under 42 Pa.C.S.[A.] § 763(b) (awards of arbitrators).

Pa.R.A.P. 102 (definition section). Under Rule 1701(a), the Commonwealth's appeal at 2894 EDA 2024 divested the trial court of jurisdiction to decide Appellee's petition. Moreover, under both Rule 1701(a) and the broad definition of "government unit" in Rule 102, this appeal divested the Adult Probation and Parole Department of jurisdiction to declare that Appellee has successfully completed the ARD program. Any action by the trial court or the Adult Probation and Parole Department must await remand of the record under Pa.R.A.P. 2591.